Okay, our second case for oral argument this morning is 20-1143 Goldgroup Resources v. Dynaresource De Mexico, and Mr. Kauffman, you're for the appellant, you may proceed. May it please the court. My name is Jason Kauffman, and I represent the appellants Dynaresource De Mexico and Dynaresource Inc. The arbitrator exceeded his authority by determining waiver, an arbitrability issue reserved for court determination, and the district court accordingly erred by failing to vacate the award. Likewise, the district court erred when it failed to rule on a defense presented to it. From the beginning, Dyna has argued that the question of waiver is to be determined by a court and not an arbitrator. Shortly after it received a copy of Goldgroup's demand for arbitration, Dyna responded to the International Center for Dispute Resolution asserting, quote, Respondents hereby refuse to submit to the ICDR AAA for arbitration because, inter alia, claimant has waived any arbitration right it may have had. These issues must be determined before a valid arbitration may proceed, and they are solely the province of a state or federal court having jurisdiction over the individual respondents. That's the record at 358. The ICDR then responded, We note that an objection has been raised with regard to the arbitration proceeding. The ICDR will continue to proceed with administering this manner unless a court order abstaining the arbitration is presented or the parties agree to hold the arbitration in advance. That's the record at 361. Counsel, did you raise before the district court the substantive issue of whether waiver had occurred? We most certainly did, Your Honor. When did you raise it? When? We raised it in at least three different instances in our motion to vacate, Your Honor. But in addition to the instances that we mentioned in our brief, both in our answer where we asserted waiver as a defense, additionally, it being acknowledged by the appellees in their actual application. We additionally raised it three separate spaces in our motion to vacate. That's the record. Before the district court. The district court, Your Honor. Substantive issue. The substantive issue of waiver, yes, Your Honor. At the record at page 160. At the record at page 175. At the record at page 177. It was responded to in the appellee's objection to vacate at 981. And it was raised again in the appellant's reply in support of the motion to vacate at 1285 and 1286. Did those references explain why the Mazatlan litigation constituted? Do those specific references? No, Your Honor. Those specific references specifically address that waiver was an issue that was being alleged by the parties. Two points, though. In the motion to vacate, the parties specifically attached the Mazatlan litigation as evidence to their motion to vacate. But, Your Honor, perhaps the most telling question, the most telling evidence, I should say, and the most poignant thing in the record that shows that the issue of waiver was before the court, was the appellee's own objection to the magistrate recommendation. Let me read to you what they wrote in their objection to the magistrate recommendation. This is the record at 1329. The only question is whether Gold Group waived its arbitration rights by pursuing relief in the Mazatlan litigation. Later in their same objection at 1337 of the record. Thus, the issue is only whether the award can be vacated, despite the arbitrator's decision that Gold Group did not waive its right to arbitrate. And then finally, in their reply in support of the objection to the magistrate recommendation, they make it abundantly clear. At 1772 of the record, as Gold Group previously explained, the issue whether there was any waiver of the right to arbitrate under the agreement. Gold Group previously explained the issue whether there was any waiver of the right to arbitrate under the agreement. Waiver may make an arbitration agreement unenforceable by one of the parties to it, but that does not nullify the agreement or bring a dispute arising under it outside the scope of the FAA or international arbitration conventions. Waiver is simply a defense to enforcement of their agreement. That's their words. Did you explain to the court why the Mazatlan litigation was a waiver? I mean, maybe there was a sentence in the papers about waiver, but was there any argument, adversary engagement on whether or not there was a waiver based on the litigation posture? So I can't explain that, Your Honor. I will tell Your Honor the argument that we're making this morning is a little bit more nuanced. And I think this would be a different argument, for example, if the federal district court had made a determination on waiver. So if the federal district court had said, yes, there was a waiver or no, there was not a waiver, then I think engaging on whether there was a waiver or not a waiver based on the Mazatlan litigation would be before this court. But what we have is the district court simply failed to rule on the issue either way. I can go on the record and I will see in your district court papers an argument to the district court that there was a waiver because of A, B, and C. Will I find that? In the motion to vacate, we specifically referenced the Mazatlan litigation. That's not enough. You have to explain why it constituted a waiver. Right? Yes, Your Honor. But recall that. If it didn't, then why wouldn't the argument be forfeited here on appeal? Well, the answer is we did raise it. So in our response to the arbitration, they filed their request for arbitration. In our answer to the arbitration, we expressly raise waiver as a defense of that. We press waiver throughout the entire process. And to the district court, we expressly argue in our 10-A-4 argument that the arbitrator exceeded his authority by him deciding the waiver issue, that the error occurred by the arbitrator deciding waiver instead of the federal district court deciding waiver. And so recall the procedural posture was that we were seeking to have the arbitration award vacated. And so the argument before the district court was not necessarily whether there was or was not a waiver, although that was certainly a defense that we raised to the arbitration going forward in the first place. But at that juncture, we had an arbitration award and an arbitrator that had clearly exceeded his authority. A ruling that the district court agreed with. The district court expressly found that he was the authority to determine the waiver issue. Which district court? You were filing suits and dismissing them all over the place. So which district court are you talking about now? The lower district court here in this case, Your Honor, Judge Moore. At page 1802 of the record, the district court unequivocally stated, the court finds that the issue of waiver is to be decided by a court. And that holds. Even assuming that the arbitrator exceeded his powers, a court can still confirm an arbitration award, can't it? I'd like to answer that question in two ways. Statutorily, the statute, Section 10 of the Federal Arbitration Act, is a may. So statutorily, Section 10 is a may. So statutorily, I think the answer to your question would be yes. I'm proposing to Your Honors that in situations where an arbitrator exceeds his authority in a manner such that it decides arbitrability issues that are not for it, that that should be de facto a vacate of that arbitration award in every sense. If there's error in arbitrability and you preserve an objection, is it still subject to harmless error analysis? No, I don't believe so, Your Honor, for two reasons. I'll give the broad reason and then I'll give the narrow reason. The broad reason would be because of United States Supreme Court precedents again and again and again has said arbitration is a contractual right. And parties can't be required to arbitrate issues to which it doesn't agree to. So where you have an arbitrator determining an arbitrability issue, the answer to your question would be no. It can never be harmless error where an arbitrator determines an issue of arbitrability that should be decided by a court. That's the broader rule. The very specific rule would be it's not harmless error here because my client filed a brief specifically objecting based on waiver and saying that the arbitrator did not have authority. And when the arbitrator entered procedural order number one and procedural order number two, determining that he was the person to determine arbitrability and did not stop the arbitration is no longer harmless error because an arbitration proceeded forward. That should never have proceeded forward because it was way, Your Honor. Waiver is not among the limited defenses enumerated by the Panama Convention, is it? It is not, Your Honor, but both in the Second Circuit and Third Circuit opinions of Yousef and Ario, they hold that where an arbitration is determined in the United States, the Federal Arbitration Act does apply. And there are multiple circuit cases. And then you've already admitted that's discretionary. It is discretionary, Your Honor, but there are multiple circuit cases that have held that under Section six of the Federal Arbitration Act allows for arbitration to be essentially says arbitration agreements are valid unless there is some other contractual defense that would be a defense against it. There are multiple circuit courts that have held that waiver can be such a defense. Your Honor, I see that I have approximately four minutes left on my timer. I'd like to reserve the remainder of my time. Pause. If we agree with you that our waiver is an issue for the court, the district court here didn't reach that question. Can we address that issue on appeal under a de novo standard? Your Honor, I actually looked specifically to try to find that answer that question. I believe the answer is yes. I think the court can do that by looking at the record. Procedurally, though, I think the correct the correct act would be to remand it to the district court for determination on waiver because that requires a factual determination, a factual making the record. And while I believe there is evidence in the record, those arguments were made to the district court. What would be a fact question? And perhaps, you know, I'm not coming to one off the top of my head, Your Honor. But at least from a argument standpoint, we would submit that the procedurally proper thing to do would be to remand the case to the federal district court for determination on the waiver issue. And what if the federal district court disagrees with you on the waiver issue, then where are you? If the federal district court ultimately determines that that the issue was not waived. I think at that point that the better the district court could enter a judgment confirming the award, because that would be our defense. Essentially, was that that waiver was a defense to to the judgment. I'd like to reserve the remainder of my time for rebuttal. Council, let's hear from Mr. Jackson. Good morning, Your Honor. May it please the court. Christopher Jackson on behalf of the Pelley Gold Group Resources Inc. This case, which has been litigated for nearly 10 years, comes to the court on a relatively narrow question. Should the court affirm the district court's decision to confirm an arbitration award on this issue? The appellants have a pretty tough hill to climb. Federal law has a strong pro-arbitration bias. There are only a handful of narrow defenses that are available, and the challenger bears the burden of proof on all of those defenses. What I'd like to do is focus my time on the two major arguments. It sounds like my colleague on the other side raised, which is about waiver of the right to arbitrate. Then if there's time or, of course, if the court has questions, I can address the effect of the Mexico City order. The first major argument that Dinah Resources raises is this claim under Rule of Civil Procedure 52A. Now, it's important to keep in mind that because this is a challenge under Rule 52, Dinah Resources is arguing not that the district court got the decision wrong, just that it didn't adequately explain its ruling. And Rule 52A doesn't impose a particularly high bar on this kind of a claim. The findings need only be sufficient to facilitate a meaningful appellate review. But there's also a second layer of insulation that exists here for the district court. A district court is never required to make any factual findings or draw any legal conclusions if the issue was never raised in the first place. So a party has to raise an issue before Rule 52A can impose any requirements at all. Courts don't have to consider arguments that nobody makes. And as a result of this kind of dual layer of insulation, the district court's decision below was the correct one. The district court affirmatively found, and it found correctly, that Dinah Resources raised, as Judge Kelly pointed out, the merits of the waiver issue. So not the question of who gets to decide whether there was a waiver of the right to arbitrate, but whether, in fact, there was the right to arbitrate. That issue was waived by Dinah Resources because it was never raised below. What the district court found is, waiver is not before this court, and no court in this district has ruled on the matter and found waiver. That's a finding, that waiver is not before this court because Dinah Resources never raised it. Well, they did mention it in the several places that Mr. Kauffman mentioned. Why wasn't that adequate for preservation? I think for a couple of reasons, Your Honor. The sort of high-level one is that Dinah Resources raised the argument that the arbitrator should not have decided waiver. So it raised and it preserved. We can see they preserved the question of who gets to decide this waiver by litigation conduct issue. But what it never argued was, before the district court below, before Judge Moore, that waiver by litigation conduct did, in fact, occur here. And the reason why I think that's clear is, as the court has pointed out in some of the questions, if you look through the entire record, there is nowhere where Dinah Resources says, here's the standard for waiver by litigation conduct. Here's a citation to it. And here are now the facts that suggest that that standard has been satisfied. So the standard is, I think, that the Gold Group would have had to, I think, substantially invoke the judicial process and cause prejudice to Dinah Resources. That standard doesn't exist anywhere in the record. And there's also no argument by Dinah Resources suggesting that that standard was met. That indicates that there was no waiver. To address a few of the points that my colleague on the other side made in his argument, he did point to a few citations to Gold Group's application that confirmed the arbitration award. But that can't preserve Dinah Resources' argument. A party can't point to the other parties' briefs to claim that they adequately briefed an issue. But even if they could, the only thing that Gold Group's application does is it explains the procedural background in the arbitration. So it says, before the arbitration, the parties had this dispute about waiver and the arbitrator decided it. Those are all true statements about what happened, but there isn't any argument that they're making before Judge Moore, before the district court, on this issue. It looks like the weight of authority is that the waiver question is one for the Article III court. Do you disagree with those cases? And if so, how do you distinguish Yousef and Ariyam? Yes, Your Honor. So I think that there are quite a few authorities that suggest that it's a court rather than arbitrator that makes that decision. We didn't argue otherwise in our briefs, but I do think that essentially it doesn't matter, I guess, because while it is true that the default rule is that courts rather than arbitrators decide the waiver to arbitrate issue, that's a default rule and the parties can choose to negate that default rule, to say we actually want the arbitrator to make that decision. And the Tenth Circuit has held in a case, I will say, I don't think we cited this in our briefing, but if the court wanted to go down this road, I think it's Belknap versus IASIS Health Care, that's 844 F3D 1272. It's a 2017 case. The court held that when parties adopt AAA rules, the American Arbitration Association rules, as the rules for their arbitration, that is an unambiguous election that the arbitrator decide these questions, including waiver. And since the agreement in this case adopts the AAA rules, that would actually be an independent reason why the court could say, even if the default rule is arbitrators don't decide waiver, in this particular case, the court actually has decided, or the arbitrator actually should decide the waiver issue. If we disagree on your argument on preservation, can we reach that issue de novo on appeal or should we remand it back to the district court to decide? So, Your Honor, yes, I think you can reach it on appeal here. And I think the analysis would first go to what I had just said, that under the Belknap case, the AAA rules are an unambiguous election by the parties, that it's the arbitrator who should make this decision. But in addition to that, if this court finds that Rule 52A wasn't complied with, it could still review de novo this question of, was there a waiver of waiver? So did Dinah Resources forfeit or waive its right to claim waiver of the right to arbitrate? And that analysis would be the same, I think, that I had just said, which is there's nothing in the record where Dinah Resources has actually said, here's the standard for waiver of the right to arbitrate, and here's why we need it. So in other words, even if it's true that the district court's order didn't adequately explain its finding that there was this waiver of waiver, that finding was in fact correct, because there's nowhere that we can find in the record where there's a discussion of the waiver issue on the merits. And so this court can find, using even a de novo review, there's nothing in the record suggesting it was preserved, and so it's forfeited, and therefore there's no defense to the arbitration agreement on that basis. The other, I suppose, related point that I'd like to make is that I think it's important to keep in mind that Dinah Resources could have raised this argument previously in a way that would have preserved it for this court in at least two ways. So first of all, in the, I suppose, parallel action before Judge Krieger, also in the District of Colorado, I think as Judge Kelly had referenced, Dinah Resources had, it looked like, lost that issue. So Judge Krieger had indicated that the arbitrator should decide this issue. Dinah Resources could have moved forward with that case and then appealed it to this court, but it instead chose to voluntarily dismiss that action and essentially give up its right to appeal the issue. But in addition to that, Dinah Resources also could have just argued in the alternative before Judge Moore in the action that's being reviewed on appeal here. So Dinah Resources could have said, you know, our first line argument is, we think the Mexico City court order controls and this court ought to defer to it. It could have then said, but in the alternative, if you, Judge Moore, think that you need to decide the waiver issue, here are some reasons why you should decide in our favor. And they made the considered strategic choice not to raise that argument in the alternative. The reason why I think they made that argument, why it would have been a strategic choice, is that they had prevailed in the Mexico City court. The Mexico City court had given them a favorable ruling and they wanted that ruling to control. In essence, they put all of their eggs in the Mexico City court's basket and were hoping that the District of Colorado would defer to the Mexico City court. It didn't turn out that way, but that was a strategic choice. And as a result, they're stuck with that choice on appeal. So these are all the arguments why the district court's decision under Rule 52 was correct. There's also a related issue to the argument we raised in our briefs that waiver of the right to arbitrate is not a defense under the convention. This is something I think the court had asked my opposing colleague about. So even if Dinah Resources had properly preserved the waiver issue, it wouldn't help because the Panama Convention doesn't recognize waiver of the right to arbitrate. Now we concede, as my colleague suggested, that there are a couple of cases, the Third Circuit's decision in Iroh and the Second Circuit's decision in Yousef, which go the other way and say the Federal Arbitration Act is incorporated by the convention. But there are also court decisions that go our way as well. And we haven't found anything on the Tenth Circuit authority that definitively answers that question. And our point is there's a strong pro-enforcement bias in the convention and all defenses must be construed narrowly. This court is presented with two reasonable interpretations. One says all of the domestic FAA's defenses are incorporated and the other says they're not incorporated. If the court is faced with two plausible interpretations, it should pick the narrower one. It should pick the one that narrows rather than expands the defenses that are available under the convention. And that's why we would say waiver of the right to arbitrate is not a defense to the confirmation procedure. If that position is correct, then, I mean, one of your positions is that waiver is an issue for the arbitrator, which basically would be, if that's true, it would be virtually unrevealable in a confirmation proceeding. And then if you say, well, if it's, you know, alternative B, it's waiver is a question for the court, but the court can't reach waiver because we're going to construe the FAA narrowly. And it seems like the implication of your position is that there would never be any review of waiver by the federal court. Well, Your Honor, I think I would disagree with that. The federal court does have, federal courts do have, so they would review it. So in that case, if the correct standard, if the correct rule is that the arbitrator decides the waiver issue, then the arbitrator has made that decision. And this court still reviews it under the convention's defenses. There may be, and I think there possibly could be other convention defenses, like there's one about whether the dispute was envisioned by the arbitration agreement. That might be a basis that they could come into court and claim that's a reason to vacate the arbitration agreement. But I do concede that it does make review difficult. That's true. But as the U.S. Supreme Court has held, and this court has held, and every federal court has held, there's a strong pro-confirmation bias in federal law. And that's particularly true in the context of international arbitrations. And so it isn't all that surprising that the review is limited by federal courts. There just aren't that many bases that a federal court has the power to overturn an international arbitration war. That's the decision that the federal government, that Congress struck when it adopted the Panama Convention. But is my point correct that if it's a question for the court and it's not covered by the FAA, it's a convention defense that wouldn't apply here, there would really never be any judicial review waiver. I'm actually I'm not sure whether that's right, Your Honor, candidly, because if this court decides that waiver is a matter for a court rather than an arbitrator to decide, then I'm candidly not exactly sure how that works under the convention, because the seven convention defenses that are laid out, I think presuppose that there was an arbitration and now we're reviewing the arbitration agreement. If this court decides that waiver is a court decision, not an arbitrator decision, then at least plausibly, that's kind of a decision that comes before the convention even has any effect. So maybe it turns out that federal courts first review waiver by litigation conduct. And if that's not an issue, then the matter goes to arbitration. And at that point, only the seven convention defenses listed in the convention are valid. And I can't really I don't know if there's an authority that says that that's at least one plausible way to hang these things together. Turning just because I have about a minute to the argument that the arbitrator exceeded his authority. There are a number of arguments that we raised in the brief, but the one that I really want to focus on is harmless error. And our point is that even if the arbitrator exceeded his authority, the error was harmless. So recall that waiver by litigation conduct is not a favored defense and it's an affirmative defense that the other party has to prove. Well, in this case, if we can see that the arbitrator shouldn't have decided the question, that just means that that portion of the arbitrator's award isn't valid anymore. At that point, we're just left without any finding at all on this waiver by litigation conduct issue. But because waiver by litigation conduct is an affirmative defense, Diner Resources has to affirmatively prove it. If they can't prove it, if there's no finding in favor of waiver by litigation conduct, then the arbitration or the final award is valid. The matter would be different if this was an element of one of the claims. But because it's an affirmative defense, getting rid of the affirmative finding doesn't have any effect on the final award. The final award still is a valid, complete, and final award, even without that particular finding. And I see that I'm running short on time. I would just say that, again, arbitration agreements are subject to minimal judicial review. Because Diner Resources cannot meet its burden on any recognized offense, we would ask this court to affirm the judgment below. Thank you, counsel. We have some time for Dinah. Your Honor, in response, I'd like to respond to four things that were raised in the appellee's argument. The first is that he argues this 10th Circuit case that wasn't cited in their brief that says that the issue of arbitration or arbitrability can be agreed upon by the parties. And I don't disagree necessarily with that concept that the parties can agree to arbitrate arbitrability. And I think that's consistent with the United States Supreme Court precedent. But it is inconsistent with the Supreme Court case, first options of Chicago versus Kaplan. In that case, the Supreme Court specifically talked about that second precept of questions of arbitrability are generally to be decided by courts. And it says that unless there is evidence that is absolute and manifest that the intent is to arbitrate arbitrability, issues of arbitrability should not be determined by the arbitrator. And this this idea that by agreeing to the triple A rules, then you implicitly kind of agree to the arbitrator determining the arbitrability, or in this case, the waiver issue is just counter to what the Supreme Court has said the presumption is when it comes to arbitrability. Second, my colleague, again, kind of keep pushing this argument that the FAA doesn't apply. They raise that argument at the district court. The district court specifically addressed that issue. I believe it's footnote 54 of the district court's opinion where he specifically finds relying on use of an REO that the FAA does apply, specifically addresses the cases cited by Mr. Jackson and says that those cases don't stand for that proposition. Does it make any difference that the this is a non-domestic award versus an award that's domestic? Your Honor, I guess I would argue that it's a even though it's a non-domestic award, it was an award made in the United States, which is the distinction that use of an REO makes that where there is an international arbitration, let's say that were to say these parties had decided their issue in Switzerland instead of in deciding it in Colorado. In that case, only the defenses under the Panama Convention would be applicable. But the fact that it was decided in the United States, Section 5E of the Panama Convention says that the domestic FAA does apply. So the distinction is really where the actual arbitration award occurred. Next, I wanted to, Your Honor, I can see actually my time has expired. We'd request that for the reasons that we stated here and in our briefs, that the court reverse the district court and remand for determination on the waiver. Thank you. Counselor, I think we understand your arguments. We appreciate your presentations this morning. You're excused and the case shall be submitted.